ROBERT P. SORENSEN, PH.D., State Director Wisconsin Board ofVocational, Technical and Adult Education
You ask whether the Wisconsin Board of Vocational, Technical and Adult Education (State Board) has authority to adopt a policy which provides for the payment of state aids for nonreimbursed costs incurred when vocational, technical and adult education (VTAE) districts enter into contracts pursuant to section38.14(3), Stats., and when the State Board determines that the contractual services provided are not "community services" within the meaning of section 38.28(1m)(a). You also ask whether districts, as a precondition to the receipt of state aids for qualifying contracts, must charge fees equivalent to the uniform program and material fees normally charged to district students. In my opinion, except for contracts under section 118.15(1)(b), which you point out are not aidable because of section118.15(2)(c), the answer to both of your questions is "yes."
Prior to July 1984, the term "district aidable cost" was defined by section 38.28(1m)(a) to include the annual cost of operating a district, but to exclude all expenditures relating to "community service" programs. The State Board classified all
contractual activities as community service programs and, therefore, did not pay state aids to districts for the costs incurred in such contractual activities.
Section 38.14(3) authorizes district boards to enter into contracts to provide services to public and private educational institutions, local governmental bodies, and private industries and businesses. This furthers the mission and purpose of the VTAE system, which recently was expanded by the Legislature to include, inter alia, the provision of occupational education, training and retraining programs, and the provision of "customized training and technical assistance to business and industry in order to foster economic development and the expansion of employment opportunities." Sec. 38.001(2)(b), Stats., as created by 1983 Wisconsin Act 379, effective May 3, 1984. In the same session, the Legislature amended section38.28(1m)(a) to exclude from the definition of the term *Page 69 
"district aidable cost" not only expenditures for community service programs, but also "all receipts under s. 38.14(3)." 1983 Wisconsin Act 27, sec. 912b, effective July 2, 1984.
In view of these statutory changes, the State Board adopted a policy on July 24, 1984, which provides for the payment of state aids to districts for the nonreimbursed costs incurred when the districts enter into contracts pursuant to section 38.14(3), and when the State Board determines that the contractual services are not "community services" within the meaning of section38.28(1m)(a). The policy is authorized, in my opinion, because such nonreimbursed costs come within the definition of "district aidable cost" contained in section 38.28(1m)(a), namely, "the annual cost of operating a vocational, technical and adult education district," and because such nonreimbursed costs are not excluded from the statutory definition either as expenditures relating to "community service programs" or as "receipts under c.38.14(3)."
Significantly, only "receipts" from contracts made under authority of section 38.14(3) are not aidable — not the nonreimbursed costs incurred by the districts in connection with such contracts. I caution, however, that because fees charged to students directly under section 38.24 are excluded from "district aidable cost[s]" under section 38.28(1m)(a), any nonreimbursed costs for contracts made under authority of section 38.14(3) may not be reimbursed by state aid to the extent that they relate to student fees, which otherwise would not be aidable.
In response to your second question, as you note in your letter, section 38.24(1) provides that students shall be charged "uniform" fees for programs and materials. Payment of state aids for the nonreimbursed costs of qualifying contracts, which do not charge fees equivalent to the uniform fees, would frustrate the principle of uniformity embodied in section 38.24(1). Charging fees equivalent to uniform fees in qualifying contracts, therefore, is a precondition to the receipt of state aids. It would be wise to require that contracts specifically state what fees will be charged so that the State Board can determine the appropriate amount of state aids.
BCL:JWC *Page 70